UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| WILLIE JAMES MCCRAY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>DR. RIOS, Warden, )<br>)<br>Respondent. )<br>)<br>) | Civil No. 08-206-ART<br><br>**MEMORANDUM OPINION & ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Willie James McCray initiated this *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 when he was confined in the United States Penitentiary ("USP") in Tucson, Arizona.  He claims that the Bureau of Prisons ("BOP") incorrectly computed his custody classification and wrongly put him in a high security prison rather than the medium security prison he requested.  He filed several motions shortly after filing his petition.

### Motions to Proceed *in forma pauperis*

McCray first filed a Motion to Proceed *in forma pauperis* , but it was unclear from the motion whether he was moving the Court to proceed *in forma pauperis* on his appeal of an earlier case before Judge Caldwell or to proceed *in forma pauperis* in this matter.  *See* R. 4 (Order of Judge Caldwell entered in this case); R. 5.  He then filed a second Motion to the same effect.  R. 8.   He attached supporting financial information from two different time periods to the Motions, R. 5 & R. 8, both of which support his claim of indigence.  *See* R. 5, Exhs. 1 & 2;

R. 8, Exhs. 1 & 2.  Accordingly, the Court will allow him to proceed without the prepayment of the filing fee.

While these motions were pending, McCray appealed Judge Caldwell's Order, which was entered in the record in this case, to the United States Court of Appeals for the Sixth Circuit.  *See* R. 4.  The appeal was dismissed on December 17, 2008, after the appellate court concluded that it was not from a final order and that McCray had misconstrued Judge Caldwell's Order.  R. 6.

**Petition for Habeas Corpus**

In addition to his originally filed petition, on January 8, 2009, McCray moved the Court to accept an affidavit with attached additional exhibits going to the classification issues raised in his original Petition.  *See* R. 9.  The Court construes this submission as a motion to amend his petition and will grant it and consider this submission along with his petition.

Background

McCray has submitted a form commonly used by federal prisoners making motions to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, a hand-written "Supplement Brief," and the later-filed amendment.  R. 2; R. 3; R. 9.  The Petitioner's filings and his past litigation reveal that a jury convicted McCray of several drug offenses in the United States District Court for the Middle District of Florida, *United States v. Willie McCray*, 01-CR-119.  On January 25, 2002, he was sentenced to 175 months imprisonment.  His appeal to the Eleventh Circuit Court of Appeals was unsuccessful, and the Florida district court's docket shows that he brought a Section 2255 motion in the trial court.  The docket of this Court reveals that Petitioner has never been indicted or prosecuted in the Eastern District of Kentucky.

McCray previously filed a *pro se* Section 2241 habeas petition while he was a prisoner at USP-McCreary, a Federal Bureau of Prisons ("BOP") facility in the Eastern District of Kentucky.

Although Petitioner was transferred to the Arizona prison during the pendency of the earlier proceeding, he was in this District when he filed it.  Accordingly, venue was proper upon filing, and this Court did not lose jurisdiction upon his transfer.  On February 13, 2008, the Court screened the Petition and found that McCray was challenging his security classification and prison placement, issues which must be presented in a civil action pursuant to 28 U.S.C. § 1331.  Accordingly, McCray's proceeding was dismissed, *sua sponte*, and the Petitioner was specifically instructed that he must bring a civil action under 28 U.S.C. § 1331 to seek redress for these conditions.

Pacer reveals that despite the Court's suggestion, McCray did not bring a civil rights action.  Rather, having reached his current place of confinement, the BOP's Tucson facility, McCray filed another Section 2241 proceeding, this time in the United States District Court for the District of Arizona.  In *McCray v. Warden Apker*, No. 08-CV-415-TUC-JMR, filed August 5, 2008, that District Court noted that Petitioner was challenging certain conditions of confinement, specifically his "Security/Custody Classification," and he was requesting a transfer to a medium security prison, as he had in this Court.  The Arizona Court quoted from this Court's Order of Dismissal in 08-CV-021-KKC and noted that McCray had been properly instructed to file a Section 1331 civil action if he wanted to pursue the continuing "conditions of confinement" claims.  The Arizona District Court continued,

> Petitioner did not do so.  Instead, he filed the current habeas petition in this Court.  The current habeas petition meets the same fate as the Kentucky habeas petition.  Petitioner should file a civil rights action, not a habeas petition, if he wants to challenge his conditions of confinement.

*McCray v. Apker*, No. 08-CV-415-TUC-JMR, Final Order (Aug. 20, 2008).  Accordingly, that Court also dismissed the classification action brought there pursuant to Section 2241.

3

Again, despite the directions of two district courts, McCray did not file a civil complaint with regard his classification issues. Rather, he returned to this Court and filed the case now pending before the Court—yet another action pursuant to 28 U.S.C. § 2241. This time he has attempted to disguise the Section 2241 action in Section 2255 clothing. Also in this case, he continues to complain of his classification and location, and additionally, he complains that his previous case before this Court should not have been dismissed.

McCray offers documents from the administrative process, which he pursued with regard to the BOP's calculation of his custody classification and security level. Petitioner's documents show that in June of 2007, McCray received the response of he BOP's Regional Director in Administrative Remedy No. 455372, denying any change or correction of his score for custody classification and placement purposes. But, McCray neither alleges nor shows that he pursued the matter to the final level of the appeal process, the national office of the BOP.

In his later-filed affidavit, which the Court has construed as an amendment to his Petition, McCray continues to complain about the BOP's application of its Program Statement 5100.08, *Security Designation and Custody Classification Manual*, and its resulting classification decision, which keeps him in higher security facilities. He attaches print-outs of the documents showing the BOP's classification of him, a summary of the dates and facts of his crimes, and a copy of the Arizona Warden's December 18, 2008, response to McCray regarding a disciplinary infraction.

As he did in the Arizona Court, Petitioner asks herein that he be transferred to FCI-Coleman "medium" in Coleman, Florida, that the Court impose a temporary restraining order against the BOP and other agencies, and that he be "properly evaluated for 2008 on his Security/Custody Classification Review."

Screening

The Petition, as amended by the January 8, 2009 submission, is now before the Court for screening. *See* 28 U.S.C. § 2243; *Harper v. Thoms,* 51 Fed. App'x 517, 518–19 (6th Cir. 2002); *see also* 28 U.S.C. § 1915A(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 607–08 (6th Cir. 1997). As McCray is appearing *pro se,* his Petition is held to less stringent standards than those drafted by attorneys. *Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations of the *pro se* litigant are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But, this liberal screening policy has limits, *see Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), and the Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines that the Petition fails to establish adequate grounds for relief, *Hilton* v. *Braunskill,* 481 U.S. 770, 775 (1987).

Discussion

First, since Section 2255 proceedings must be presented to the sentencing court, and it does not appear that McCray was ever convicted or sentenced in this Court, to the extent that the instant Petition is labeled a proceeding under 28 U.S.C. § 2255, this Court does not have jurisdiction to reach the merits of his claims. Only the trial court may do so.

Furthermore, Section 2255 is the inappropriate vehicle for this challenge because the relief requested is not a correction or modification with regard to McCray's conviction or sentence. Instead, he asks the Court to vacate, set aside, or correct the outcome of his earlier civil proceeding in this Court, *McCray v. Rios*, 08-CV-021-KKC. Again, this Court does not have jurisdiction over an appeal of that case. Only the Sixth Circuit Court of Appeals may exercise

appellate jurisdiction over a District Court decision.  As he has done once before in this Court and in at least one other District Court, McCray has again mis-characterized the nature of the action which he brings.

McCray has again brought the same claims about his classification and the level of security necessary for his imprisonment, disguised this time as a Section 2255 motion.  Perhaps he does this in petition form rather than complaint form because the District Court filing fee for a habeas proceeding is only $5.00, while the District Court filing fee for a civil action is $350.00.  Perhaps he does so because the number of permissible Section 2241 petitions is not limited, while prisoner-plaintiffs may not bring more than three civil actions.  *See* 28 U.S.C. § 1915(g).  Regardless, this is at least the third time that Willie McCray has sought habeas relief out of the same classification claims—claims which do not affect the duration of his confinement, which were apparently never exhausted with the BOP administratively, and which have failed at least twice for not having been properly presented in a Section 1331 complaint.  The claims will fare no better here.  Because defects on the face of the Petition lead the Court to dismiss *sua sponte*, at the outset, it is not necessary for this Court to determine whether McCray exhausted the administrative process or  has abused the Writ.

In an action brought pursuant to Section 2241, the United States Code requires not only that the claims challenge the execution of the sentence, but also that the application for a writ of habeas corpus name as the Respondent the person who has custody over the Petitioner.  28 U.S.C. § 2242; § 2243 (the writ or order to show cause is to be directed "to the person having custody of the person detained").  The warden of the facility at which a prisoner is currently serving his sentence is his custodian.  *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Guerra v. Meese*, 786 F.2d 414, 416-417 (D.C. Cir. 1986).

When McCray filed his petition, he was confined in the United States Penitentiary in Tucson, Arizona, and the proper Respondent would have been the Warden at that facility—not the Respondent named herein, "Dr. Rios." On the face of the Petition, it is clear that this Court lacks personal jurisdiction over the Arizona warden.

Furthermore, as the Honorable Karen Caldwell informed Petitioner in this Court, because his claims do not challenge the fact of his conviction or the duration of his sentence, they may not be asserted in a habeas corpus petition pursuant to Section 2241. Rather, his challenge to his security classification and place of confinement are "conditions of confinement" claims which may only be asserted in a civil rights action under 28 U.S.C. § 1331. Under such circumstances, the proper course is to deny the Petition so that the would-be Plaintiff can properly assert the claims in a civil rights action. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

## Conclusion

Accordingly, it is **ORDERED** as follows:

(1) McCray's Motion to Proceed *in forma pauperis*, R. 5, is **GRANTED**.

(2) Because the Court has given McCray permission to proceed *in forma pauperis* by granting his Motion, R. 5, his subsequent Motion to Proceed *in forma pauperis*, R. 8, is **DENIED AS MOOT**.

(3) McCray's Motion to Accept his Affidavit, R. 9, is **CONSTRUED** as a Motion to Amend his Petition and is **GRANTED**; the Court has considered the submission as part of his petition during its screening of this matter.

(4) For the reasons provided in this Memorandum Opinion and Order, McCray's Petition for Writ of Habeas Corpus, R. 1, is **DENIED**.

(5) This action shall be **DISMISSED** from the Court's active docket and

Judgment shall be **ENTERED** contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This the 14th day of January, 2009.

Signed By:
*Amul R. Thapar* AT
United States District Judge